IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | **Criminal No. JKB-16-0020** |
| CARL JAVAN ROSS | * | **Civil No. JKB-19-3211** |
| Defendant | * | |

\*\*\*
## MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF No. 138). The Government has responded (ECF No. 152) and the Defendant has replied (ECF No. 153). The Court has carefully reviewed the submissions, and the entire record to the extent that it reflects on the merits of the claims in the pending motion.

For the reasons set out in the Government's brief, from which the Court now borrows and adopts as its own the reasons set out there, all of the claims are DENIED.

The Court separates the claims into two categories: first, all of the claims NOT asserting ineffective assistance of counsel, and, second, the ineffective assistance claim. With respect to the first category, to include the allegations of unlawful search, entrapment, speedy trial violation, perjury, prosecutorial misconduct, disparity in sentencing, and the other suggestions such as that the child pornography laws are themselves illegal, that there was a lack of public access to the record, that there was "blackmail in circuit court," and that the government has illegally run a "child porn website" in order to entrap people ..., with respect to *all* of these claims in the first category the Court finds that they have been both procedurally defaulted and they are utterly meritless on the record. Accordingly, to the extent that the Motion (ECF No. 138) is based on these allegations in the first category, it is DENIED.

The second category of the Defendant's allegations pertain to the performance of his appellate counsel. Some of the Defendant's contentions of ineffective assistance are difficult to discern. The record reflects that appellate counsel had some success in this case. Beyond that, the record indicates that the appellate lawyer(s) operated well within the scope of their responsibility in sifting through the lengthy record in this case and identifying those issues with respect to which they determined the Defendant had the greatest probability of success on appeal. Then they pursued those issues, vigorously. There is no basis for concluding that counsel's performance was inadequate under either prong of the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).

Finally, the Defendant has presented an insufficient basis for his request that an evidentiary hearing occur. None is warranted on this record.

For all of these reasons, the Defendant's Motion (ECF No. 138) is DENIED.

Dated this __14__ day of January, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge